UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ROBERT D. SANGO,

        Plaintiff,

v.

UNKNOWN NAEYAERT et al.,

        Defendants.
_____/

Case No. 2:22-cv-153

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Plaintiff, however, has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. Because of this, the Court will direct Plaintiff to show cause why he should not be barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Alternatively, Plaintiff may pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Plaintiff must either show cause or pay the fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to either show cause or pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id.*

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In far more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Sango v. Place*, No. 2:16-cv-136 (W.D. Mich. July 6, 2016); *Sango v. Lewis et al.*, No. 1:14-cv-342 (W.D. Mich. July 18, 2014); *Sango v. Huss*, No. 1:14-cv-2 (W.D. Mich. June 12, 2014); *Sango v. Miniard et al.*, No. 1:14-cv-344 (W.D. Mich. June 10, 2014); *Sango v. Hammond et al.*, No. 1:14-cv-283 (W.D. Mich. May 6, 2014); *Sango v. Novak*, No. 1:14-cv-343 (W.D. Mich. Apr. 23, 2014); *Sango v. Goinns et al*, No. 2:20-cv-205 (W.D. Mich. Oct. 15, 2020). In addition, Plaintiff repeatedly has been denied leave to proceed *in forma pauperis* in this Court and in the Eastern District of Michigan because he has three strikes. *See Sango v. Curtis et al.*, No. 1:14-cv-823 (W.D. Mich. Aug. 14, 2014); *Sango v. Wakley et al.*, 1:14-cv-703 (W.D. Mich. July 8, 2014); *Sango v. Grand et al.*, No. 2:14-cv-14060 (E.D. Mich. Oct. 31, 2014); *Sango v. Mich. State Office of Admin. Hr'gs & Rules et al.*, No. 1:14-cv-1272 (W.D. Mich. Jan. 13, 2015); *Sango v. Eryer et al.*, No. 1:15-cv-71 (W.D. Mich. Feb. 12, 2015); *Sango v. Nevins et al.,* No. 1:15-cv-179 (W.D. Mich. Mar. 3, 2015); *Sango v. Watkins*, No. 1:15-cv-221 (W.D. Mich. Mar. 12, 2015); *Sango v. Joiner*, No. 1:15-cv-232 (W.D. Mich. Mar. 23, 2015); *Sango v. Aramark et al.*, No. 1:15-cv-247 (W.D. Mich. Apr. 13, 2015); *Sango v. Bastain*, No. 2:16-cv-15 (W.D. Mich. Mar. 2, 2016); *Sango v. Bastain et al.*, No. 2:16-cv-14 (W.D. Mich. Mar. 2, 2016); *Sango v. Desselier*, No. 2:16-cv-13 (W.D. Mich. Mar. 2, 2016); *Sango v. Snyder*, No. 2:16-cv-12 (W.D. Mich. Mar. 2, 2016); *Sango v. Russell*, No. 2:16-cv-45 (W.D. Mich. Mar. 4, 2016); *Sango v. Place*, No. 2:16-cv-23 (W.D. Mich. Mar. 4, 2016); *Sango v. Dessellier et al.*, No. 2:16-cv-123 (W.D. Mich. Jun. 10, 2016); *Sango v. Sohlden et al.*, No. 2:16-cv-18 (W.D. Mich. Mar. 13, 2017); *Sango v. West et al.*, No. 1:20-cv-156 (W.D. Mich. Mar. 10, 2020); *Sango v. Kludy et al.*, No. 1:20-cv-174 (W.D. Mich. Mar. 18, 2020), *Sango v. Goinns et al.*, No. 2:20-cv-196 (W.D. Mich. Oct. 15,

2020), *Sango v. Goinns et al*, No. 2:20-cv-205 (W.D. Mich. Oct. 15, 2020); *Sango v. Scheoder*, No. 2:21-cv-7 (W.D. Mich. Apr. 27, 2021); *Sango v. Fleury*, No. 2:22-cv-17 (W.D. Mich. Feb. 10, 2022).

Moreover, it does not appear that Plaintiff's allegations fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. He sues Assistant Deputy Warden Unknown Naeyaert, Residential Unit Manager Unknown Hoover, Prisoner Counselor Unknown Loman, and Hearing Administrator Unknown Theut. Plaintiff alleges that after he was found guilty of a major misconduct, Defendant Naeyaert came to his cell for a review. (ECF No. 1, PageID.6.) During that review, Plaintiff used signals to indicate that he smelled smoke on the unit. (*Id.*) According to Plaintiff, prisoners on his unit are constantly smoking K2. (*Id.*)

Subsequently, Plaintiff theorizes, another inmate believed that Plaintiff was telling Defendant Naeyaert about the smoke and gave a "green light" to have Plaintiff murdered. (*Id.*, PageID.7.) Defendant Naeyaert later came to Plaintiff's cell to tell him that he was being transferred to general population. (*Id.*, PageID.9.) Plaintiff told him that he would not be safe; Defendant Naeyaert responded that Plaintiff would "be alright." (*Id.*) A few days later, another inmate assaulted a sergeant and made statements that he was waiting for "that rat [referring to Plaintiff] to bring his ass out to G.P." (*Id.*, PageID.10.) Plaintiff wrote to Defendant Loman asking to be placed in a protection unit. (*Id.*) Plaintiff was later given a misconduct for disobeying a direct order when he was told he would be going to general population instead of protection. (*Id.*)

On June 23, 2022, Defendant Hoover came to Plaintiff's cell, and Plaintiff told her that he needed protective custody because gangs "have a statewide hit" out on him. (*Id.*, PageID.11.) Defendant Hoover told Plaintiff that only reintegration was available. (*Id.*)

Plaintiff subsequently had a hearing on his misconduct ticket. (*Id.*, PageID.14.) During those proceedings, he learned that Defendant Loman indicated that he knew "nothing about [Plaintiff] having any issues with being threatened or asking for protection." (*Id.*) Defendant Theut concluded that Plaintiff was not to be believed because he had not given any names or numbers of

5

any prisoners who were threatening him. (*Id.*, PageID.14–15.) Plaintiff contends that staff at LMF "know [he will not] make it, and are ignoring [him] so [he] will be killed." (*Id.*, PageID.16.)

Moreover, in his affidavit of indigency, Plaintiff reviews his litigation history. He contends that his litigation history involves him "actually being physically harmed" because staff have made "good on threats." (ECF No. 2, PageID.57.) Plaintiff suggests that he is facing imminent danger because of these threats. (*Id.*)

Allegations that staff have threatened to harm Plaintiff and that Defendants have ignored threats by other inmates to harm Plaintiff certainly suggest a danger. However, as the Court has recently noted, such threats of harm have been Plaintiff's "go to" allegation to avoid the "three strike" consequence of previously filing meritless lawsuits. For example, in 2021, Plaintiff alleged that an officer told prisoners to stab Plaintiff. *See Sango v. Scheoder*, No. 2:21-cv-7, 2021 WL 1624610, at \*4 (W.D. Mich. Apr. 27, 2021). The Court noted that while such an allegation suggested danger, it could make no assessment of whether the threat posed an imminent risk because Plaintiff had provided no information concerning when the threat was made. *Id.* In 2020, the Court concluded that an officer's threat that Plaintiff "should stop being a 'smart ass' lest he end up harmed by another prisoner" was not "sufficiently 'real and proximate'" to support an inference of imminent harm. *See Sango v. Goinns*, No. 2:20-cv-196, 2020 WL 6074014, at \*3 (W.D. Mich. Oct. 15, 2020). In 2015, this Court twice concluded that similar threats alleged by Plaintiff were insufficient to demonstrate imminent danger. *See Sango v. Eryer*, No. 1:15-cv-71, 2015 WL 630493, at \*3 (W.D. Mich. Feb. 12, 2015) (concluding that Plaintiff's allegations that officers threatened that he would be dead failed to demonstrate that physical injury was imminent); *Sango v. Mich. Office of Admin. Hearings and Rules*, No. 1:14-cv-1272, 2015 WL 163547, at \*4 (W.D. Mich. Jan. 13, 2015) (concluding that Plaintiff's claims that officers had plotted to kill him

and had a $200.00 "hit" on him were "unsupported by any plausible allegations of fact" to suggest that Plaintiff was in imminent danger).

The Eastern District of Michigan has also rejected Plaintiff's allegations of such threats as demonstrative of imminent danger on at least one occasion. *See Sango v. Grand*, No. 2:14-cv-14060, 2014 WL 5511812, at *2 (E.D. Mich. Oct. 31, 2014). In that matter, Plaintiff alleged that he was in danger because "various unnamed prison guards have encouraged various gang members at the Ionia Maximum Facility to stab" him. *Id.* The court found that "Plaintiff's conclusory allegations that people are trying to kill him are completely unsupported by any evidentiary material, thus, he is not entitled to invoke the imminent danger exception to § 1915(g)." *Id.*

Reviewing the frequency with which Plaintiff has faced such threats, and the dearth of any factual allegations to show action to carry them out, leads the Court to conclude that they "are described with insufficient facts and detail to establish that he is in danger of imminent physical injury . . . ." *Rittner v. Kinder*, 280 F. App'x 796, 798 (6th Cir. 2008) (footnote omitted). Based on Plaintiff's allegations, they are not sufficiently "'real and proximate.'" *Vandiver*, 727 F.3d at 585 (quoting *Rittner*). That is not to say that they are "ridiculous . . . baseless . . . fantastic –or delusional . . . irrational or wholly incredible." *Id.* They are simply insufficient.

In the instant case, Plaintiff does not allege that he suffered any physical injury. Despite the threats to have Plaintiff killed or harmed, Plaintiff does not allege that anything actually happened to him. While the Court does not condone the making of such threats by officers or other prisoners, Plaintiff's insufficient allegations, combined with the frequency with which Plaintiff alleges he has faced such threats, do not demonstrate that physical injury is imminent.

In light of such, it appears that § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. The Court will, however, direct Plaintiff to show cause why he should not

7

be barred from proceeding *in forma pauperis* in this action even though he has accrued "three "strikes" under § 1915(g). Plaintiff has twenty-eight (28) days from the date of entry of this opinion and accompanying order to show cause. Alternatively, Plaintiff may pay the civil action filing fees, which total $402.00, within that time. When Plaintiff either pays the filing fees or sufficiently demonstrates cause to proceed *in forma pauperis*, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not show cause or pay the filing fees within the 28-day period, Plaintiff will be denied leave to proceed *in forma pauperis* and this case will be dismissed without prejudice. Plaintiff, however, will continue to be responsible for payment of the $402.00 filing fees.

Dated:  August 19, 2022                   /s/ *Maarten Vermaat*
                                          Maarten Vermaat
                                          United States Magistrate Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**